BENJAMIN DERBY *vs.* FRAMINGHAM AND LOWELL RAILROAD COMPANY.

Middlesex.    Jan. 13. — Feb. 14, 1876.    COLT & ENDICOTT, JJ., absent.

A railroad corporation, desiring to take lands outside the limits of its road, filed its location over a lot of land whose owner afterwards conveyed a part of the lot to the corporation.  The county commissioners, subsequently, on the petition of the corporation, ordered that it have leave to take the land included within the location.  *Held*, under the Gen. Sts. c. 63, § 19, providing that railroad corporations shall not take lands without the limits of their railroad without the consent of the owner, unless the county commissioners first prescribe the limits within which the same may be taken, that the corporation acquired no right in the land under its location, and that the corporation was bound, under the Gen. Sts. c. 63, § 43, to erect suitable fences between the land conveyed to it and the rest of the lot.

PETITION IN EQUITY, under the Gen. Sts. *c*. 63, §§ 43, 44, to compel the respondent to erect suitable fences between its land and the land of the petitioner. The answer alleged that the land which the petitioner desired to have separated by a fence was owned by the respondent. The case was submitted to the judgment of the court upon an agreed statement of facts, in substance as follows :

On March 23, 1872, the petitioner was the owner of a certain tract of land in Concord, containing about ten acres. On that date, the respondent filed in the office of the clerk of the county commissioners of Middlesex County its location over the whole of said tract of land, and on the same day presented a petition to the county commissioners to approve of and confirm the location of its road over the land of the petitioner. On October 10, 1872, the petitioner conveyed to the respondent a portion of the lot, containing four acres. On July 23, 1873, the county commissioners ordered that the respondent have leave, in accordance with its petition, to take the lands embraced in the location filed by it. The petitioner, who owned no land adjoining the land embraced in the alleged location, contended that the respondent should erect a fence between the parcel of land conveyed by his deed and the remainder of the tract embraced in the alleged location. *Wells*, J., entered a decree for the petitioner ; and the respondent appealed.

*S. Hoar*, for the petitioner.

*G. A. Torrey*, for the respondent.

GRAY, C. J. A railroad corporation has no right to take and appropriate to its own use lands of any person without a strict compliance with the provisions of the statutes which authorize it so to do. The Gen. Sts. *c*. 63, § 19, expressly provide that lands without the limits of its railroad shall not be taken without permission of the owner, unless the county commissioners " first prescribe the limits within which the same may be taken." As no such limits were prescribed by the commissioners before the respondent in this case filed its location over the land in question, it acquired no right, against the will of the owner, in any part of the land outside the limits of its road ; so much of this land as had not been conveyed to the corporation by the owner remained his ; and no reason is shown why he should not have a decree

under the Gen. Sts. *c.* 63, §§ 43, 44, compelling the corporation to erect suitable fences between his land and its railroad.

*Decree affirmed.*