,HAMPDEN PAINT AND CHEMICAL COMPANY *vs.* SPRINGFIELD, ATHOL AND NORTHEASTERN RAILROAD COMPANY.

Hampden. Sept. 26, 1877. — March 23, 1878. ENDICOTT & LORD, JJ., absent.

Damages to land taken for a railroad under the Gen. Sts. *c.* 63, §§ 17, 18, are to be assessed as of the date of the filing of the location of the road, and not as of the date of entry upon the land.

PETITION to the county commissioners for a jury to assess damages for the taking of land for the construction of the respondent's railroad.

At the trial, before a sheriff's jury, there was evidence, admitted against the respondent's objection, tending to show the value of the land and that the respondent began work thereon in the construction of its railroad in August, 1873. The location of the railroad was not filed until March 20, 1874. The respondent asked the presiding officer to instruct the jury that the petition·

er's damages were to be assessed as of the date of the filing of the location of the railroad ; but the presiding officer declined so to do, and instructed the jury that they were to estimate the value of the land and assess the damages as of the date when the respondent entered on the land and commenced the construction of its railroad. The jury returned a verdict for the petitioner.

In the Superior Court the verdict was accepted ; and the respondent appealed to this court.

*M. P. Knowlton,* for the respondent.

*N. A. Leonard,* for the petitioner.

SOULE, J. A railroad corporation has no right to take the lands of any person for the construction of its road, except under, and in strict compliance with, the provisions of the statutes giving the authority and prescribing the course of proceeding ; and any attempt by such corporation to assert rights in the land of others, without first taking the prescribed steps, is illegal, and subjects the corporation to restraint by injunction. By the Gen. Sts. *c.* 63, §§ 17, 18, railroad corporations are authorized to lay out their roads five rods wide, and are required to file the location of their roads with the commissioners of each county through which the same pass. Until the location is filed, in compliance with the terms of the statute in all particulars, the corporation acquires no rights in the land of others. *Derby* v. *Framingham & Lowell Railroad,* 119 Mass. 516. *Housatonic Railroad* v. *Lee & Hudson Railroad,* 118 Mass. 391. It is manifest, therefore, that on this petition damages should have been assessed as of the date of filing the location. The respondent gained its rights, and the petitioner sustained its damage, by the filing of the location. That constituted the taking of the land. The sheriff therefore erred in refusing to instruct the jury to assess the damages as of the date of the filing of the location, and in advising the assessment as of the date when the land was entered upon and the construction of the road commenced. The rule has been laid down by the court in many similar cases. *Meacham* v. *Fitchburg Railroad,* 4 Cush. 291. *Dickenson* v *Fitchburg,* 13 Gray, 546. *Whitman* v. *Boston & Maine Railroad,* 7 Allen, 313. *Edmands* v. *Boston,* 108 Mass. 535. *Reed* v. *Hanover Branch Railroad,* 105 Mass. 303.

*Verdict set aside.*