## GEORGE BANCROFT & others *vs.* CITY OF CAMBRIDGE.

Middlesex.    Jan. 17, 1878. — March 24, 1879.    ENDICOTT & SOULE, JJ.,
absent.

The St. of 1872, c. 299, authorizing the city of Cambridge to order the owners of lands to fill them to a certain grade to abate a nuisance, and providing that, on failure to comply with the order, the mayor and aldermen may raise the grade thereof, and the expense incurred shall be a lien on the land filled; that any one dissatisfied with the assessment of the expense of raising the grade may, within a certain time after notice of the same, give notice to the mayor and aldermen of his dissatisfaction, "and the city shall thereupon take said land, and shall within sixty days file in the registry of deeds" a description of the same, and a statement that it is taken under the provisions of the act; and that a person whose land is taken may have a trial by jury "to determine the damage so done him, making due allowance for the improvement by raising the grade of such land," is constitutional; and, in assessing damages, the value of the property is to be estimated as of the time when notice of the dissatisfaction with the assessment is given, and not as of the time of filing the description in the registry of deeds; and no allowance is to be made for the inconvenience suffered by the owner in consequence of the acts of the city in filling the land. And the same rule applies to proceedings in Boston under the St. of 1873, c. 340.

PETITION to the county commissioners for a jury to assess damages for the taking by the respondent of several parcels of land in the Sparks Street District, so called, in Cambridge, under the St. of 1872, c. 299.

At the trial before a sheriff's jury, a verdict was rendered for the petitioners for less than the amounts respectively claimed by them; the Superior Court on their motion set aside the verdict; and the respondent appealed to this court    The facts appear in the opinion.

*J. W. Hammond*, for the respondent.

*D. S. Richardson*, for the petitioners.

COLT, J.  The St. of 1872, *c.* 299, provides that the mayor and aldermen of the cities of Cambridge and Somerville may establish a grade in their respective cities not less than thirteen feet above mean low water, and may from time to time order the owners of lands to raise them to the grade so established, "with reference to a complete drainage thereof, so as to abate and prevent nuisances, and to preserve the public health." If the owner fails to comply with the order within six months after service thereof upon him, the board of mayor and aldermen may then raise the grade, as specified in the order, and all expense incurred thereby shall be a lien on the lands filled, to be collected in the manner provided for the collection of taxes on real estate.  It is then provided, in § 6, that any one dissatisfied with the assessment of the expense of raising the grade of his land may, within six months after receiving notice of the same, apply for a jury to revise the same; and, by § 7, that he may, instead of applying for a jury, give notice within sixty days to the mayor and aldermen of his dissatisfaction, "and the city shall thereupon take said land, and shall within sixty days file in the registry of deeds" a description of the same, and a statement that it is taken under the provisions of the act.  By § 8, if any person whose land is taken does not agree with the city on the amount of damage done to him by such taking, he may apply at any time "within six months from the filing of such description and statement," "for a jury to determine the damage so done him, making due allowance for the improvement by raising the grade of such land," and proceed as provided in the Gen. Sts. *c.* 43, in the laying out of highways.

Under these provisions, the mayor and aldermen of Cambridge ordered the petitioners to raise the grade of their lands by an order approved June 21, 1873.  The order was not complied with within six months after receiving notice thereof.  In October 1874, the grade was raised by the city, and an assessment of the expense was made in April 1876 upon the several petitioners, notice of which was given them May 24 of the same year.  On the last day of the same month, the petitioners gave notice that

they were dissatisfied with this assessment, and requested the city to take their several lots according to the provisions of the act. But the city did not file in the registry of deeds the statement and description required by the act until September 23 of the same year.

At the trial before the jury to determine the damages which the petitioners had sustained by the taking of the land, the sheriff directed the jury that the question for them was the value of the property on September 23, 1876, the day when the description of the land and the statement that it was taken under the act were filed in the registry of deeds.

This direction was wrong. By the terms of the act, the city is absolutely required to take the land immediately upon notice of dissatisfaction on the part of the landowner with the assessment. The words of § 7 are, that "the city shall thereupon take the land and shall within sixty days thereafter file in the registry of deeds" the required statement. This clause makes the taking of the land one thing, and the filing of the certificate an independent and subsequent act, made necessary to secure record evidence of the taking of the particular land described, which the city may be compelled to perform by mandamus, as an act necessary to perfect the taking. *Farnsworth* v. *Boston*, 121 Mass. 173. *Attorney General* v. *Boston*, 123 Mass. 460, 476. The statute is peremptory in the requirement to take; no discretion or election is to be exercised by the city. No further entry is to be made, or other act is to be done. The landowner's title is then immediately devested by operation of law. The time of the taking was when, upon notice of dissatisfaction, the title by operation of law vested in the city; and the value at that time was the matter to be determined by the jury.

The case differs from that of a railroad, in which the taking of the land depends not upon any election of the owner, but upon the will of the corporation, and in which the location filed by the latter fixes the date as of which the damages shall be assessed. *Hampden Paint Co.* v. *Springfield, Athol & Northeastern Railroad*, 124 Mass. 118. *Old Colony Railroad* v. *Miller*, 125 Mass. 1. It is almost superfluous to add, inasmuch as it is necessarily involved in the view above stated, that the value of the land is not to be estimated as of any date earlier than the

surrender by the owner; for the passage of the order for raising the grade, and the proceedings of the city in carrying out that order, fix neither the date of the taking of the land by the city, nor the obligation of the city to take it.

The other question presented is, whether the loss and inconvenience occasioned by the proceedings of the city, in filling the land before the title was taken, and by the delay in making the assessment, are proper elements to be considered in assessing damages for the taking. We are of opinion that they are not. The compensation to which the owner is entitled is the value of the land at the time of the taking, making due allowance for the improvement. This excludes loss or inconvenience caused to the owner by all proceedings prior to the taking. The purpose of the statute is to give to each owner the right to elect whether he will pay the expenses of filling his land and retain his estate; or surrender his estate to the city for a fair compensation. The act gives no right either to the owner who surrenders, or to the owner who does not surrender, to recover for previous loss or inconvenience.

Nor is the statute made unconstitutional by this construction. It is entitled an act to provide for the prevention and abatement of nuisances and the preservation of the public health. It was not passed to delegate the right of eminent domain, but under the police power of the Commonwealth. Laws passed in the legitimate exercise of this power are not obnoxious to constitu tional provisions, merely because they do not provide compensation to the individual who is inconvenienced by them. He is presumed to be rewarded by the common benefits secured. Instances of its exercise are found in all quarantine and health regulations, and in all laws for the abatement of existing and the prevention of threatened nuisances. It has been many times recognized and applied in the decisions of this court. *Commonwealth* v. *Alger*, 7 Cush. 53. *Fisher* v. *McGirr*, 1 Gray, 1. *Commonwealth* v. *Tewksbury*, 11 Met. 55. *Salem* v. *Eastern Railroad*, 98 Mass. 431. *Watertown* v. *Mayo*, 109 Mass. 315. *Dingley* v. *Boston*, 100 Mass. 544. *Cobb* v. *Boston*, 112 Mass. 181. *Commonwealth* v. *Intoxicating Liquors*, 115 Mass. 153; *S. C. nom. Beer Co.* v. *Massachusetts*, 97 U. S. 25.

The Legislature is ordinarily the proper judge of the necessity

for the exercise of the power, and there is nothing in this case which shows that this act was not required for the preservation of health and protection against a nuisance. The Legislature had the right to delegate to the mayor and aldermen the power to order the owner to fill his land; and, upon his neglect or refusal, to fill it for him at his expense, and to do all that was reasonably necessary to accomplish it.

The owner has availed himself of the option given him by the statute of surrendering his land, instead of having the burden of the expense assessed upon him by the municipal authorities for the suppression of the nuisance; and having elected to avail himself of this option, he must take his compensation according to the provisions of the statute.                    *Verdict set aside.**

---

\* A similar decision was made on the same day in Suffolk in the case of

FRANCIS W. WELCH & wife *vs.* CITY OF BOSTON.

PETITION to the Superior Court for a jury to assess damages for the taking, by the respondent, of a parcel of land in Boston, under the St. of 1873, *c.* 340. *Pitman,* J., ruled that damages should be assessed as of the day of the surrender by the petitioners, and not as of the day of the order for filling the land; and that no damages were to be awarded for injuries sustained by reason of the occupation of the land by the city for the filling. To these rulings the petitioners alleged exceptions.

*W. A. Field,* for the petitioners.

*E. P. Nettleton,* for the respondent.

BY THE COURT. Both points in this case are settled by the judgment of this court upon the construction of the precisely similar statute of 1872, *c.* 299, in *Bancroft* v. *Cambridge, supra.*                    *Exceptions overruled.*