In re WALTERS.

(Supreme Court, General Term, Second Department. February 11, 1895.)

CONSTITUTIONAL LAW—ADMISSION TO SCHOOLS—VACCINATION.

Laws 1893, c. 661, § 200, providing that no person not vaccinated shall be admitted to any of the public schools of the state, is constitutional.

Appeal from special term, Kings county.

Application by Charles A. Walters for a writ of mandamus to compel L. B. Hannaford to admit Chester A. Walters and Ada Walters to public school No. 22. The application was denied, and petitioner appeals. Affirmed.

The opinion of Mr. Justice BARTLETT at special term is as follows:

The avowed purpose of this application is to test the constitutionality of section 200 of the public health law of this state, which provides that no child or person not vaccinated shall be admitted or received into any of the public schools of the state, and commands the trustees or other officers having the charge, management, or control of such schools to cause this prohibition to be enforced. Laws 1893, c. 661, § 200. Upon the oral argument, I expressed the opinion that this enactment was a valid exercise of the police power of the legislature, and that view has only been confirmed by an examination of the authorities cited in the briefs of counsel. A common-school education, under the existing constitution of the state of New York, is a privilege, rather than a right. It is created by legislation, and subject to legislative regulation. Dallas v. Fosdick, 40 How. Pr. 249; People v. Gallager, 93 N. Y. 438. In the case last cited, Ruger, C. J., delivering the opinion of the court of appeals, declared it to be a plain deduction from the rule in the Slaughter-House Cases, 16 Wall. 36, that the privilege of receiving an education at the expense of the state, being created and conferred solely by the laws of the state, and always subject to its discretionary regulation, might be granted or refused to any individual or class at the pleasure of the state. It follows that the state can certainly exercise this discretion by debarring from attendance at the public schools such persons as are unwilling to adopt a precaution which, in the judgment of the legislature, is essential to the preservation of the health of the large body of scholars. In California there is a statute which provides for the exclusion of unvaccinated children from the public schools. The constitutionality of this law was questioned in the supreme court of that state in 1890, one of the objections being technical, and the other being that the subject of the act was not within the scope of a police regulation. Both objections were overruled, the court declaring that, as vaccination was the most effective method known of preventing the spread of smallpox, it was for the legislature to determine whether the scholars of the public schools should be subjected to it, and the legislature was justified in deeming it a necessary and salutary burden to impose upon that general class. Abeel v. Clark, 84 Cal. 226, 24 Pac. 383. To vaccinate a person against his will, without legal authority so to do, would be an assault; and it was suggested on the argument, by the learned counsel for the petitioner, that the statute of this state providing for the compulsory attendance of truant children at the public schools, when construed in connection with the provisions of the public health law relative to vaccination, would have the effect of obliging a child to submit to an assault at the hands of the school authorities. No such question as this, however, arises in the present case. The only effort here is to insist upon a condition which the legislature has made a precedent to the exercise of a privilege. It will be time enough to decide whether the state can force a child to attend school, and force him to be vaccinated, as a prerequisite to such attendance, when any officer attempts such a proceeding. I may add that the point upon which this case turns is very different from that which was before Mr. Justice Gaynor in the matter of Smith and Cummings, where the commissioner of

health restrained the petitioners from their liberty until they consented to be vaccinated, although the legislature had conferred no such power upon him. Application denied.

Argued before DYKMAN, PRATT, and CULLEN, JJ.

Horace Graves, for appellant.

Albert G. McDonald (Frank S. Angell, of counsel), for respondent.

DYKMAN, J. This is an appeal from an order denying an application for a peremptory writ of mandamus requiring L. B. Hannaford to admit Chester A. Walters and Ada Walters to public school No. 22. The respondent, Hannaford, is the principal of the school, and the affidavit upon which the proceeding was based states that he had refused admission to the children on the ground that they had not been vaccinated. The proceeding is against Hannaford individually, and no other parties are included as defendants or respondents. Hannaford is not an officer. He is an employé of the board of education, and subject to its control and direction. Under the rules and regulations of that board, "when a child is presented for admission to the public schools of this city, the principal shall require a physician's certificate that he or she has been satisfactorily vaccinated, or has had the smallpox, or, in default thereof, shall exclude the child until such evidence is provided." The principal of the school can exercise no discretion, and a mandamus directed to him would accomplish nothing. He can admit no child in violation of the rules and directions of his employer, and the application might well have been denied upon that ground. Instead of taking that course, however, the judge who heard the application considered the same upon the merits. We are entirely satisfied with the disposition of the matter by the judge below, and for the reasons which he has assigned therefor; and the order should be affirmed, on the opinion of the judge who made it, with $10 costs and disbursements. All concur.