STATE *v.* MARTIN AND LIPE.

Opinion delivered June 3, 1918.

Appeal from Logan Circuit Court, Northern District; *Jas. Cochran,* Judge; reversed.

BRAZIL *v.* STATE.

Opinion delivered June 3, 1918.

Appeal from Little River Court; *J. S. Lake,* Judge; affirmed.

1. JUDICIAL NOTICE—RULES AND ORDERS OF STATE BOARD OF HEALTH.—
   Rules, orders and regulations made and promulgated by the State
   Board of Health will be judicially noticed by the courts.

2. STATE BOARD OF HEALTH—RIGHT TO PREVENT SPREAD OF DISEASE.—
   Section 6, article 96, Acts of 1913, providing for the prevention
   of the spread of disease, includes the disease of smallpox, and
   clearly confers the power upon the Board of Health to prevent its
   entry into and spread throughout the State by rule or order pre-
   venting unvaccinated persons from mingling with the other in-
   habitants of the State.

3. STATE BOARD OF HEALTH—PREVENTION OF DISEASE.—Power is vested
   in the State Board of Health, sections 5 and 6, of Act 96, Acts of
   1913, to adopt and promulgate rules and regulations for the con-
   trol and prevention of infectious, contagious and communicable
   diseases, and such power is not a delegation of legislative author-
   ity.

4. STATE BOARD OF HEALTH—VACCINATION.—A rule of the State
   Board of Health requiring a successful or recent vaccination, or
   a showing of immunity against smallpox, as a condition to at-
   tendance upon the schools of the State, held valid under Act 96,
   Acts of 1913.

5. STATE BOARD OF HEALTH—COMPULSORY VACCINATION.—An order of
   the State Board of Health, promulgated under authority of Act
   96, Acts of 1913, requiring vaccination in certain instances, is
   not in conflict with the compulsory education act of 1917.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for the State of Arkansas.

1. The courts take judicial notice of the provisions of all rules and orders of public boards created by law, where said rules and orders have been made and promulgated by such boards. 130 Ark. 453; 90 Ark. 343.

2. Rule 125 is not void. The Board of Health had power to make the rule. Act 96 Acts 1913. The fine is provided for by the act. There is no delegation of legislative powers to the board, but only confers administrative powers. 35 Ark. 69; 6 R. C. L. 178, 182; 56 Fla. 617; 249 Ill. 532; 130 Ia. 333. The rule is general and applies to the whole State and is reasonable, not arbitrary; 76 Oh. St. 297. This doctrine is supported by the weight of authority. 215 Pa. 156; 198 *Id.* 638; 179 N. Y. 235; 62 Mo. App. 8; 84 Cal. 226; 152 U. S. 133-6; 65 Conn. 183. The rule does not undertake to compel vaccination. It merely prohibits those not vaccinated or immunized from

attending school. The order or rule is within the authority conferred upon the board by the Legislature. The Legislature had the authority and there was no delegation of its powers. The order was necessary and reasonable and not arbitrary. It does not conflict with our school law. 119 S. W. 424.

*Evans & Evans,* for Martin and Lipe. *Sidney H. White* and *J. O. Kincannon* of counsel.

Rule 125 is void because (1) the Board was not authorized by Act 96, Acts 1913, to adopt and promulgate such a rule. (2) It amounts to the delegation of legislaive power by the Legislature. (3) It is unreasonable and unnecessary. (4) It is in conflict with the compulsory education law. 83 Ark. 431; 35 *Id.* 69; 120 *Id.* 277, 285-7; 199 S. W. 92; 85 Wis. 390; 37 L. R. A. 157; 39 *Id.* 152; 167 Ill. 67; 29 Minn. 476; 102 Mich. 238; 26 L. R. A. 484; 17 L. R. A. (U. S.) 709; 234 Ill. 432; 67 L. R. A. 935; 197 U. S. 11; 102 Ga. 792; 49 L. R. A. 588; 42 *Id.* 175; 62 Mo. App. 8; 54 L. R. A. 736; 193 S. W. 1077, and many others

*Huddleston, Fuhr & Futrell, Amici Curiae.*

1. Under the police power the state can compel vaccination. Municipalities may enforce vaccination where necessary. A school board may even do so when necessary, as a condition upon which pupils may attend school, but not when the necessity does not exist. 137 N. C. 68; 22 L. R. A. (U. S.) 986; 83 Ark. 431.

2. Legislative power can not be delegated to a board. It may administer a law but can not make one. 35 Ark. 69; 95 Wis. 390; 60 Am. St. 123.

3. A state board of health can not compel vaccination by rule, unless there exists a law authorizing it. 60 Am. St. 123; 59 Am. St. 262; 63 Cal. 21; 47 Am. St. 525; 68 Pac. 60; 17 L. R. A. (U. S.) 709, and note; 54 L. R. A. 736; 177 Ill. 572; 87 Am. St. 125; 1 Ann. Cases 337 and cases cited.

4. No emergency here is shown to exist.

HUMPHREYS, J. Each of the above entitled causes involves the validity of rule No. 125, adopted by the State Board of Health on the 3rd day of December, 1917, and, for that reason, are incorporated in one opinion.

Appellees, in the case of *State of Arkansas* v. *Wilson Martin and Guy Lipe,* were indicted on January 8, 1918, for permitting certain pupils in school district No. 76, in Logan County, to attend school without presenting the required certificate from a licensed physician showing a successful vaccination, or a certificate showing a recent vaccination done in the proper manner by a licensed physician, or certificate showing immunity by having had smallpox, or a certificate showing physical disability which might contra-indicate vaccination.

Appellees demurred to the indictment on the ground that it did not charge a public offense against them jointly or severally. The demurrer was sustained and the indictment quashed, from which judgment an appeal has been properly prosecuted by the State to this court.

The appellant, in the case of *George Brazil, Jr.,* v. *State of Arkansas,* was indicted for sending his children to Willoughby School, in Little River County, without presenting a certificate of vaccination or immunity from smallpox. A demurrer was filed to the indictment, which was overruled, and the cause was then tried by a jury upon the indictment, a plea of not guilty, oral evidence and instructions of the court. The jury found appellant guilty as charged, and fixed his fine at $10, and a judgment was rendered in accordance therewith. The verdict and judgment are challenged by appeal to this court.

(1) No proof was made in the latter case of the rule of the State Board of Health requiring a certificate of successful or recent vaccination or immunity from smallpox by pupils as a prerequisite to attendance on the school. It is insisted that a failure to allege and prove the rule must work a reversal and dismissal of the case. Rules, orders and regulations made and promulgated by the State Board of Health will be judicially noticed by

the courts of the State. *Kansas City Sou. Ry. Co.* v. *State,* 90 Ark. 343; *Cazort* v. *State,* 130 Ark. 453. The soundness of the State's contention in this regard is not controverted in the case of *State of Arkansas* v. *Wilson Martin and Guy Lipe.*

It is contended in both cases that the rule promulgated by the Board of Health, requiring a certificate of successful or recent vaccination or immunity from smallpox as a condition to attendance upon the schools of the State, is void, first, because the board was not authorized by Act 96, Acts 1913, to adopt and promulgate such a rule; second, because if authorized by the act to adopt and promulgate such a rule, it would amount to a delegation of the lawmaking power by the Legislature; third, because the rule was unreasonable and unnecessary; fourth, because the rule is in conflict with the compulsory education act of 1917.

(2) I. The only authority possessed by the Board of Health is the authority conferred upon it by statute. The Board is not specifically authorized to supervise, control, suppress or prevent smallpox by isolation, quarantine or vaccination; nor to adopt and promulgate any rule with reference to this particular disease, its isolation, control, suppression or prevention. Sections 5 and 6 of Act 96, Acts 1913, conferring power upon the Board of Health in relation to the health of the citizens of this State are as follows:

"Section 5. The State Board of Health shall have general supervision and control of all matters pertaining to the health of the citizens of this State. It shall make a study of the causes and preventions of infectious, contagious and communicable diseases, and, except as otherwise provided for in this act, shall have direction and control of all matters of quarantine regulations and enforcement, and shall have full power and authority to prevent the entrance of such diseases from points without the State, and shall have direction and control over all sanitary and quarantine measures for dealing with all

such diseases within the State, and to suppress the same and prevent their spread.''

"Section 6. Power is hereby conferred on the Arkansas State Board of Health to make all necessary and reasonable rules and regulations of a general nature for the protection of the public health, and for the general amelioration of the sanitary and hygienic conditions within the State, for the suppression and prevention of infectious, contagious and communicable diseases, and for the proper enforcement of quarantine, isolation and control of such diseases; provided, however, that where a patient can be treated with reasonable safety to the public health, he shall not be removed from his home without his consent, or the consent of the parents or guardian, in case of a minor, and said rules and regulations, when so made, shall be printed in pamphlet form, with such numbers of copies as may be necessary for the distribution for information of health bodies, health and sanitary officers, and the public generally. But the State Board of Health shall not regulate the practice of medicine or healing, nor interfere with the right of any citizen to employ the practitioner of his choice." The language of the sections is broad enough to include all diseases and all remedies and specifically includes diseases which are infectious, contagious and communicable and the power to prevent the entry into and spread of such diseases in this State. It is commonly known that smallpox comes within the class of infectious and contagious diseases, and that it is prevented by vaccination and best controlled by isolation and quarantine. We think the language of the act necessarily includes the disease of smallpox and clearly confers the power upon the Board of Health to prevent its entry into and spread throughout the State by rule or order preventing unvaccinated persons from mingling with the other inhabitants of the State. It is true that the Board of Health is not authorized to manage or control the schools of the State, either public or private. That power is conferred upon other agencies. The prevention

or spread of contagious or infectious diseases by preventing unvaccinated persons from associating with the school children and school teachers of the State in no way infringes upon the constitutional right to attend the schools or the management and control thereof by school boards or directors. It would not be contended that parents and guardians could send their children to school unclad and unfed. Other reasonable health regulations are just as important as food and clothing.

(3) II. It is a well established rule of law that legislative bodies have no right to delegate the law making power to executive officers or administrative boards, but it is settled in this State that the Legislature may delegate "the power to determine some fact or state of things upon which the law makes or intends to make its own action depend." *Boyd* v. *Bryant,* 35 Ark. 69. We think Act 96, 1913, is essentially an act for the better protection of the health of the citizens of the State of Arkansas. It legislates against public diseases, and specially against the entry into and spread of diseases which are infectious, contagious or communicable. The act provides for the prevention and spread of these diseases by rules to be adopted and promulgated by a State Board of Health, and, by section 28 of the act, punishment is provided for a violation of the rules and orders adopted and promulgated by the Board. The act is complete within itself. The mere fact that the will of the Legislature is to be worked out, through methods and details provided in rules and regulations to be adopted and promulgated by the Board of Health, does not render the act itself incomplete. The creation of boards of health for the purpose of preventing and controlling contagious diseases and the right of the boards to adopt reasonable rules and regulations for that purpose is not regarded generally as a delegation of legislative authority. 12 R. C. L., pp. 1265 and 1271, and cases cited in support of the text. The Legislature of this State in 1915 established the cattle tick eradication district in northwest Arkansas for the

purpose of eradicating from the infested portion of said district the cattle tick and preventing reinfestation thereof. The manner of eradicating the tick and protecting the district from a reinfestation thereof was vested in the Board of Control of the Agricultural Experiment Station with full power and authority to promulgate necessary rules and regulations for that purpose. The board, by rule, ordered all cattle to be disinfected under the supervision of an inspector, and ordered all cattle that had been exposed or infested with ticks to be properly dipped when ordered by an inspector. The act and rule were upheld by this court in the case of *Davis v. State,* 126 Ark. 260. In upholding the act and regulation, this court was in line with the general rule laid down in 12 R. C. L. pages 1265 and 1271, cited above. We are therefore of the opinion that the power vested in the State Board of Health by sections 5 and 6 of Act 96, Acts 1913, to adopt and promulgate rules and regulations for the control and prevention of infectious, contagious and communicable diseases was not a delegation of legislative authority.

(4) III. It is said that Rule 125 of the Board of Health of the State of Arkansas, requiring a showing of successful or recent vaccination, or a showing of immunity against smallpox, as a condition to attendance upon the schools of the State, was unreasonable and unnecessary and therefore void. In the case of *George Brazil, Jr.* v. *State of Arkansas,* it was shown by proof that no smallpox had been in the schools or in the neighborhood and that there was no threatened epidemic of smallpox in the community; and it is contended that District No. 76 in Logan County is isolated and that it is not charged that smallpox was prevalent or threatened in that district. Practically the same contention was made in the case of *Davis* v. *State, supra,* and it was held that it was not necessary to find ticks on the cattle in order to require them to be dipped; that if such a rule prevailed it would render the rules of the board largely nugatory and greatly

hamper the eradication work, and that the only certain and safe course to pursue in order to prevent the spread of the disease was to dip all cattle within the prescribed territory. The necessity for, and reasonableness of, the regulations is one largely within the judgment of the board. Every presumption is indulged in favor of the necessity of the rule, and courts will not interfere with acts of health authorities unless it is apparent that the rule is arbitrary. 12 R. C. L. 1273. We think the existing conditions in the State of Arkansas at the time the rule was adopted warranted the adoption of such a rule. It is commonly known that at that time smallpox was prevalent in the State and that unless preventive measures were adopted a smallpox epidemic might result. It was adopted during the period of the mobilization of Arkansas' army quota. Soldiers were being transported in and out of the State in great numbers. The virtue of vaccination as a preventive of smallpox can not longer be doubted. It is the generally known and accepted treatment for the prevention of this loathsome disease. We can not say that under the prevailing conditions, the adoption and promulgation of such a rule was either unreasonable or unnecessary.

(5) IV. The Legislature of 1917 passed a compulsory school law, compelling every parent, guardian or other person in the State having custody or charge of children between the ages of seven and fifteen, both inclusive, to send the children to a public, private or parochial school, penalizing them for noncompliance with the act. It is contended that if the rule stands the compulsory education act necessarily brings about compulsory vaccination, and that compulsory vaccination is in conflict with the Constitution. It is true that there is no American authority for compulsory vaccination in the sense of forcing one to submit his person thereto, but there is authority for penalizing one who refuses to comply with an order or law requiring vaccination. In support of this doctrine, we incorporate in this opinion the

following extract and authorities from case note, 17 L. R. A. (N. S.) 709:

"It is a valid exercise of the police power to delegate to local boards of health authority to require, under penalty, the vaccination of all citizens when it may be deemed necessary to the public health and safety; and such necessity arises when smallpox is present in a community, or its appearance may be reasonably apprehended. *Com. v. Jacobson,* 183 Mass. 242, 67 L. R. A. 935, 66 N. E. 719 (affirmed in 197 U. S. 11, 49 L. Ed. 543, 25 Sup. Ct. Rep. 258); *Morris* v. *Columbus,* 102 Ga. 792, 42 L. R. A. 175, 66 Am. St. Rep. 243, 30 S. E. 850; *State* v. *Hay,* 126 N. C. 999, 49 L. R. A. 588, 78 Am. St. Rep. 691, 35 S. E. 459.

"And an adult is not deprived of his liberty by the enforcement of a rule of a local board of health requiring the vaccination of all citizens—at least in the absence of satisfactory evidence that he is not a fit subject of vaccination, or that, by reason of his condition, it will seriously impair his health, or possibly cause his death. *Com.* v. *Jacobson,* 197 U. S. 11, 49 L. Ed. 643, 25 Sup. Ct. 358.

"And the fact that one has decided opinions against vaccination does not exempt him from the operation of such a regulation. *Com.* v. *Jacobson,* 183 Mass. 242, 67 L. R. A. 935, 66 N. E. 719."

The failure to comply with Rule 125 is punishable by fine; likewise the failure to comply with the compulsory education act of 1917 is punishable by fine. By reading the compulsory education act and the rule together, the net result is to enforce vaccination by penalty only. The act and rule can be read together so that both may stand, and should be read together because it is quite clear that the Legislature did not intend in the passage of the compulsory education act to repeal the health rule for preventing the spread of smallpox and other diseases.

In accordance with the principles announced in this opinion, the case of *George Brazil, Jr.* v. *State of Arkansas,* is affirmed; and the case of *State of Arkansas* v. *Wilson Martin and Guy Lipe* is reversed and remanded

with directions to overrule the demurrer to the indictment.