Strafford, }
Nov. 3, 1926. }

GEORGE J. BARBER *v.* SCHOOL BOARD OF ROCHESTER ,& a.

Public Laws, *c.* 123, *s.* 1, providing that vaccination shall be a condition of attendance upon public school is a valid exercise of the police power; and a new certificate for exemption from vaccination may be required whenever there is reasonable ground to believe that there may have been such a change of conditions that the child is no longer "an unfit subject for vaccination."

Upon a petition to review the action of a board whose findings of fact and orders are conclusive unless made through error of law, the burden is on the petitioner to show such error, and not upon the board to justify its action; hence until it appears that such board acted in violation of some rule of law, its conclusion must stand.

BILL IN EQUITY, brought by the plaintiff in behalf of his minor children, and in his own right. The allegations are that in 1924 the children, being of school age, were excused from being vaccinated, upon furnishing a proper certificate. In 1925 the school board demanded a new certificate, which the plaintiff refused to furnish.

The defendants' answer alleged that the children were fit subjects for vaccination, and declared the defendants' purpose to exclude the children from the public schools of Rochester until they were vaccinated or furnished a new certificate. The plaintiff's demurrer to the answer was overruled and the plaintiff excepted. Transferred by *Young*, J.

*Henry D. Yeaton*, for the plaintiff.

*Smart & Smart, Jeremy R. Waldron*, attorney-general, *Mayland H. Morse*, assistant attorney-general and *Jennie B. Newhall*, for the defendants.

PEASLEE, C. J. This is a proceeding which was designed to determine the respective rights and duties of parents and public officers as to the vaccination of children of school age. All parties desire a decision which will settle their differences. In this situation, the questions have been considered without reference to any defect in the form of the petition.

When the proceeding was instituted, Laws 1921, c. 85, pt. VIII, s. 1, was in force. This section has now been superseded by P. L., c. 123, s. 1. The present rights and duties of the parties are to be determined by the law which is now in force.

Two questions are raised: I, whether the statute is constitutional, and II, whether a school board may require a new exemption certificate after one has been furnished.

I. The constitutionality of vaccination statutes has been passed upon in many cases, and the uniform conclusion has been that they constitute a valid exercise of the police power of the state. *Jacobson v. Massachusetts*, 197 U. S. 11; *Zucht v. King*, 260 U. S. 174; *Commonwealth v. Jacobson*, 183 Mass. 242; *Viemeister v. White*, 179 N. Y. 235; *Bissell v. Davison*, 65 Conn. 183; *State v. Barberton Board of Education*, 76 Oh. St. 297; *Stull v. Reber*, 215 Pa. St. 156; *People v. Lansing Board of Education*, 224 Mich. 388; *Blue v. Beach*, 155 Ind. 121; *French v. Davidson*, 143 Cal. 658; *Morris v. Columbus*, 102 Ga. 792; *In re Rebenack*, 62 Mo. App. 8; *State v. Hay*, 126 N. C. 999;

*McSween* v. *Trustees*, 60 Tex. Civ. App. 270; *Hill* v. *Bickers*, 171 Ky. 703; *State* v. *Martin*, 134 Ark. 420; *Hagler* v. *Larner*, 284 Ill. 547; *State* v. *Board of Education*, 21 Utah 401.

In some of these instances the act was compulsory in terms. In others the compulsion was indirect, or partial, as it is here. Under our statute the child may not attend school unless vaccinated, or properly excused from vaccination (P. L., *c.* 123, *s.* 1); while by other provisions the parent or custodian of the child is liable to certain penalties for failing to cause the child to attend (P. L., *c.* 118, *ss.* 1–6). According to all the cases cited, these statutes are valid.

The supposed conflict of authority, referred to in *People* v. *Lansing Board of Education*, 224 Mich. 388, relates only to questions of conferring powers upon boards and officers. From the general proposition that there is legislative power to enact a compulsory vaccination law, there has been no dissent by any court of last resort.

In view of these authorities, and of the liberal definitions of the police power already adopted here (*State* v. *Normand*, 76 N. H. 541, 544, and cases cited) further elaboration of the subject would be superfluous. The statute is constitutional. See also *Cram* v. *School Board, post*, 495.

II. The statute provides: "No child shall attend a public or private school in this state unless he has been vaccinated; . . . or holds a certificate of the local board of health that he is an unfit subject for vaccination. The local board of health shall issue such a certificate on the advice of a registered physician approved by it." P. L., *c.* 123, *s.* 1.

A proper certificate was furnished in 1924. The demand for a new certificate in 1925 precipitated the present controversy. The statute is silent as to how often a certificate may be required. It was the legislative intent to provide efficient protection, and the statute is to be construed accordingly. Conditions making it improper to vaccinate the child at one time might not exist at a later date. *Jacobson* v. *Massachusetts*, 197 U. S. 11. Assuming that the physical conditions might be such as to show that the child never would be a proper subject for vaccination, and also assuming that in such a case no more than one certificate could be required, the point of the present controversy is not reached. There is nothing to show the existence of such conditions here. The plaintiff rests his case upon the proposition that in all cases one certificate is sufficient for all time. This construction cannot be adopted. The meaning of the

statute is that a new certificate may be required whenever there is reasonable ground to believe that there may have been such a change of conditions that the child is no longer "an unfit subject for vaccination."

The claim that the burden is upon the defendants to justify their action, cannot be sustained. This is, in substance, a petition to review the action of a board whose findings of fact and orders are conclusive, if there is no error of law. *Attorney-General* v. *Littlefield*, 78 N. H. 185, 189. Unless the board violated some rule of law, its conclusion is final. It is for the complaining party to show such violation. *Broderick* v. *Hunt*, 77 N. H. 139, 142; *Dinsmore* v. *Mayor &c. of Manchester*, 76 N. H. 187, 189.

The case is here upon the pleadings, in which the grounds for the defendants' action in demanding a new certificate are not disclosed. Until it appears that they acted in violation of some rule of law, their conclusion must stand.

In Massachusetts a local rule requiring a new certificate every two months was sustained as "not as matter of law so unreasonable or arbitrary as to be invalid." *Spofford* v. *Carleton*, 238 Mass. 528, 532. It is unnecessary to go as far as this in the present case. If it were assumed that the school board could not regulate the matter by a general rule, but must act upon the facts of each individual case, no violation of the plaintiff's rights would appear.

The demurrer to the defendants' answer was properly overruled.

Certain questions which are said to be presented in another case have been argued by the plaintiff. They are not involved in this suit, and have not been considered.

*Exception overruled.*

All concurred.