Hillsborough,
Jan. 4, 1927.

ERNEST CRAM *v.* SCHOOL BOARD OF MANCHESTER & a.

Whether a statute be wise, reasonable, or expedient is a legislative and not a judicial question.

Laws 1921, c. 85, *pt.* VIII, s. 1 (P. L., c. 123, s. 1), making vaccination a condition precedent to children's attendance in the public schools, is not a violation of any constitutional guaranty, either state or federal.

PETITION FOR MANDAMUS, to compel the defendants to admit the plaintiff's unvaccinated child to the public schools of Manchester. The reasons alleged for seeking this relief are "that vaccination consists of performing a surgical operation by injecting a poison the ingredients of which are not known into the blood of said daughter and that will endanger her health and life and he will not permit it to be done; that any law that requires his daughter to be vaccinated before she can attend the public schools denies him of liberty, health and happiness that is guaranteed him by the constitution of said state and of the United States."

The superior court (*Matthews,* J.) sustained the defendants' demurrer, and allowed a bill of exceptions.

*Henry D. Yeaton,* for the plaintiff.

*Thomas J. Bois,* for the defendants.

PEASLEE, C. J. The plaintiff's allegations present a question that has been fully considered in other states and by the supreme court of the United States. The uniform conclusion has been that the allegations relate to a legislative question, and that they are immaterial here. The reasons for this conclusion were stated as follows by Mr. Justice *Harlan* in *Jacobson* v. *Massachusetts,* 197 U. S. 11,

31, 32: "Those offers in the main seem to have had no purpose except to state the general theory of those of the medical profession who attach little or no value to vaccination as a means of preventing the spread of smallpox or who think that vaccination causes other diseases of the body. What everybody knows the court must know, and therefore the state court judicially knew, as this court knows, that an opposite theory accords with the common belief, and is maintained by high medical authority. We must assume that when the statute in question was passed, the legislature of Massachusetts was not unaware of these opposing theories, and was compelled, of necessity, to choose between them. It was not compelled to commit a matter involving the public health and safety to the final decision of a court or jury. It is no part of the function of a court or a jury to determine which one of two modes was likely to be the most effective for the protection of the public against disease. This was for the legislative department to determine in the light of all the information it had or could obtain. It could not properly abdicate its function to guard the public health and safety. . . .

Whatever may be thought of the expediency of this statute, it cannot be affirmed to be, beyond question, in palpable conflict with the constitution. Nor, in view of the methods employed to stamp out the disease of smallpox, can anyone confidently assert that the means prescribed by the State to that end has no real or substantial relation to the protection of the public health and the public safety. Such an assertion would not be consistent with the experience of this and other countries whose authorities have dealt with the disease of smallpox."

Similar language has been used by the state courts. *Commonwealth* v. *Jacobson*, 183 Mass. 242; *Viemeister* v. *White*, 179 N. Y. 235.

The principle has been stated in this jurisdiction in many cases. "It is not for the court to inquire into the wisdom or unwisdom of such legislation. Whether the act 'be wise, reasonable, or expedient, is a legislative and not a judicial question'." *State* v. *Griffin*, 69 N. H. 1, 31, and cases cited. *Canaan* v. *Enfield &c. District*, 74 N. H. 517; *State* v. *Roberts*, 74 H. N. 476; *State* v. *Normand*, 76 N. H. 541; *Wheeler* v. *Contoocook Mills*, 77 N. H. 551. See also *Barber* v. *School Board*, *ante*, 426.

The ruling sustaining the defendants' demurrer was correct.

*Exception overruled.*

All concurred.