State of Arkansas v. Greenlees.

---

## STATE OF ARKANSAS v. GREENLEES.

1. CRUELTY TO ANIMALS: *Indictment for.*
   An indictment for needlessly killing an animal need not state the manner nor the particular circumstances of the killing.
2. SAME: *How punished: Demurrer.*
   That the act for the prevention of cruelty to animals does not provide how the offense is to be punished is no cause for a demurrer to an indictment under the act. The offense is punishable by fine or imprisonment, or both, under sec. 1996, Gantt's Digest, which covers such omissions.

APPEAL from *Dorsey* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*C. B. Moore*, Attorney General for the State.
The indictment was good. *Guise v. State, 37 Ark.*, 456.

ENGLISH, C. J. At the March term, 1883, of the circuit court of Dorsey county, William Greenlees was indicted for

needlessly killing a living creature, the indictment alleging that said Greenlees, in the county aforesaid, on or about the fifteenth day of December, A. D., 1882, did unlawfully and needlessly kill one red, sandy-colored, barrow, marked crop off the left ear and split and underbit in the right, of the value of twelve dollars, and of the personal property of C. W. Willingham, contrary to the statute, etc.

The defendant demurred to the indictment on the following grounds:

1. "That the facts alleged in said indictment do not constitute a public offense, because the indictment fails to state the manner of the killing of the said sandy-colored barrow hog.

2. Because there is no statute in this State fixing any punishment for cruelty to animals as charged in said indictment.

3. Because the indictment is so indefinite and uncertain that the defendant cannot know what he is called upon to answer.

4. The indictment fails to show the particular circumstances of the killing so as to constitute a public offense under the statute of this State, etc."

The court sustained the demurrer, and discharged the accused, and the State appealed.

1. INDICTMENT: Manner of killing. I. In an indictment for murder, the manner of the killing is alleged, as by shooting, stabbing, drowning, poisoning, etc., but this is not necessary in an indictment under the statute for needlessly killing an animal, which is but a misdemeanor.

2. The punishment. II. The act for the prevention of cruelty to animals (*Acts of 1879, p. 54*), makes the forbidden cruelty, or needless killing, etc., a misdemeanor, but does not provide how such offenses are to be punished. They are therefore punishable by fine or imprisonment, or both, under a general statute which provides for such omissions. *Gantt's Dig., sec. 1996.*

III. The accused was sufficiently informed by the indictment of the character of the offense with which he was charged.

In *Grise v. State, 37 Ark., 456*, the indictment simply charged (with an averment of time and place) that the accused did unlawfully and needlessly kill a hog of the value of five dollars, being a living creature. The court held that no allegation of value or ownership was essential, and treated the indictment as sufficient. In this case the indictment not only alleged that appellee did unlawfully and needlessly kill a barrow, but more particularly identified the animal by describing its value and the name of the owner.

The learned counsel who interposed the demurrer for appellee, seems to have understood that the word "barrow" indicated an animal of the hog family, and doubtless his client, as to that, was equally well informed.

IV. It was not necessary to aver in the indictment the particular circumstances of the killing. The principal facts, that appellee unlawfully and needlessly killed the animal, were alleged, and the particular circumstances of the killing were matters of evidence to be shown on the trial.

Reversed and remanded to the court below with instructions to overrule the demurrer and require appellee to plead over to the indictment.