ROWE v. STATE.

Opinion delivered November 1, 1909.

STOCK LAW—ENFORCEMENT—PENALTY.—Under the rule that when an act creates a new offense and makes that unlawful which was lawful before, and prescribes a particular penalty, that penalty alone can be enforced, *held* that the penalty prescribed by the special stock law of May 23, 1901, applicable to certain counties, is the only punishment which can be administered for a violation of its provisions.

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed.

*Rowe & Rowe,* for appellant.

The act does not make it a criminal offense to permit hogs to run at large. The word "unlawful" in the act does not make the violation of it a crime. "Unlawful" signifies contrary to law; but does not necessarily subject the doer to a criminal prosecution. 2 Bish. Crim. Law, § 178. The only punishment prescribed for violating this act is the impounding of the stock and the costs and expenses resulting therefrom.

*Hal. L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The presumption is that the law is constitutional, and all conditions to be complied with before putting the law into execution were complied with. 12 Ark. 321; 28 Ark. 317; 71 Ark. 574; 1 Greenl. Ev. Arts. 479-480. Where a statute prohibits or requires an act and prescribes no punishment therefor, the act

shall be deemed a misdemeanor. Kirby's Digest, § 2247. The punishment for all misdemeanors the punishment for which is not prescribed by some other statute is provided for by section 2248, Kirby's Dig. The burden is on defendant to prove that the statute was not properly passed. 27 Ark. 500; 31 Ark. 609; 43 Ark. 257; 53 Ark. 368; 56 Ark. 350; 68 Ark. 376.

McCulloch, C. J. Appellant R. A. Rowe appeals from a judgment of conviction under an indictment charging him with a violation of the terms of a special stock law, approved May 23, 1901, which is applicable to certain counties. The statute provides for an election to be held, either at the next succeeding general election or at a special election in any of the counties therein named, for the purpose of determining whether or not the provisions of the statute should be put in force in the particular counties. It further provides that if, at said election, a majority of the votes cast on the question should be in favor of the law, it shall be the duty of the county court, or the judge thereof in vacation, to make an order prohibiting the running at large of hogs, sheep, geese and goats within such territory; that a copy of said order shall be published, and that, after the adoption of the law in the given territory, "it shall be unlawful to permit any hog, sheep, goose, or goat to run at large in said territory; provided, the prohibition of such stock running at large apply only to those living in such territory." Then follow other sections, viz:

"Section 3. If any hog, sheep, goose or goat shall enter the cultivated or meadow lands of another in said counties, the owner, lessee or person in lawful possession of such land may impound such animals and detain them until his fee, and all damages caused by such animals, are paid. Provided, such stock be the property of or in control of any resident of any territory adopting said fence law.

"Section 4. Whenever any stock is impounded under the provisions of this act, notice in writing shall be given to the owner thereof, if known, upon payment or tender of the fees, costs or damages.

"Section 5. Any person impounding stock under the provisions of this act shall be entitled to ten cents a day for hogs, and five cents a day for each sheep, goose or goat. The dam-

ages done by such stock may be ascertained by any three dis-
interested householders in the territory chosen by the person in-
terested, or by some justice of the peace, who shall take an oath
to assess such damages fairly and honestly, and their assess-
ment shall be final.

"Section 6. If the owner or agent of such impounded stock,
after having received notice, shall neglect to pay fees and dam-
ages, the person impounding such stock may sell the same at
public auction to the highest bidder for cash, after first giving
five days' notice of the time, place and terms of said sale, by writ-
ten or printed notices, posted in three public places in the terri-
tory, and by delivering a copy to the owner of such stock, if
known, and apply the proceeds, after deducting the cost of sale,
to the satisfaction of his fees, and damages, and pay the re-
mainder to the owner of the stock, if known. If the owner can-
not be found within ten days, the overplus shall be paid into the
country treasury, and be disbursed as in cases of estrays, but the
county court may make an order directing the same to be re-
turned to the owner of said stock within six months on satis-
factory proof." (Acts of 1901, p. 305.)

It will be noticed that the act in question provides no penalty
except that prescribed in the sections quoted above. The ques-
tion then arises whether or not the appellant could be indicted
for a violation of any of the terms of the statute. It is insisted
on behalf of the State that the following statutes of this State
authorize the indictment and conviction of appellant:

"Where the performance of any act is prohibited, or the per-
formance of any act is required by any statute, and no penalty
for the violation of such statute is imposed, either in the same
section containing such prohibition or requiring such act or duty,
or in any other section or statute, the doing of such prohibited
act or the neglect of such required act by duty shall be deemed
a misdemeanor.

"Every person who shall be convicted of any misdemeanor,
the punishment of which is not defined in this or some other
statute, shall be punished by imprisonment not exceeding one
year, or by fine not exceeding two hundred and fifty dollars, or
by fine and imprisonment both." Sections 2447, 2448, Kirby's
Digest.

Now, the first inquiry is whether or not the special statute in question prescribes a penalty for the violation of its terms; for, if it does, the sections of the Digest quoted above have no application.

The authorities sustain the rule that when an act "creates a new offense and makes that unlawful which was lawful before, and prescribes a particular penalty and mode of procedure, that penalty alone can be enforced." McClain on Criminal Law, § 8; *People* v. *Hislop, 77* N. Y. 331; *Com.* v. *Evan,* 13 Serg. & Rawle, (Pa.), 426; *McElhiney* v. *Com.* 22 Pa. St. 365.

It is really unnecessary to invoke that rule here, though it is undoubtedly applicable, as the general statute quoted above by its express terms limits its application to prohibited acts for the doing of which no penalty is prescribed. Therefore, if it can be said that the special statute in question prescribes a penalty at all, then the general statute is not applicable. We are of the opinion that the special stock law does prescribe a penalty. It authorizes the impounding of stock found trespassing upon the cultivated or meadow land of another, and mulcts the owner of the stock in damages caused by the depredation of the stock, and for the costs and expenses arbitrarily fixed by the statute, and provides for the sale of the stock in a summary manner for the purpose of paying same. This arbitrary provision can only be justified as a penalty imposed upon the owner for allowing his stock to run at large in violation of the terms of the statute. It is confiscatory, unless justifiable as a penalty.

It is insisted by the Attorney General in argument that, if this be regarded as a penalty at all, it has no application to the mere running at large of the stock, and is only applicable where the stock is found trespassing upon the cultivated or meadow lands of another person. This is true. But the Legislature deemed that to be sufficient penalty, and the courts are not justified in reading anything else into the act, and thereby imposing a penalty which the lawmakers did not intend to inflict.

We are therefore of the opinion that the Legislature has not imposed a fine for the violation of the special statute, and the indictment of the appellant was therefore unauthorized.

Judgment is reversed and the cause dismissed.