## DAVIS v. STATE.

### Opinion delivered November 13, 1916.

1. CONSTITUTIONAL LAW—CATTLE TICK ERADICATION.—Act 86, Acts 1915, providing for cattle tick eradication, held valid except that portion of Section Six providing that the Board of Control of State Agricultural Institutions should prescribe penalties for violations of regulations made by it.

2. CATTLE TICK ERADICATION—VIOLATION OF RULES.—The penalties provided by Act 409, Acts 1907, § 5, cannot be applied to Act 86, Acts of 1915.

3. CATTLE TICK ERADICATION—PENALTIES.—The imposition of fines, for the violation of its rules, by the Board of Control of Agricultural Institutions, with reference to cattle tick eradication, is proper under Kirby's Digest, § 2448.

Appeal from Logan Circuit Court; *Jas. Cochran,* Judge; affirmed.

*H. N. Smith* and *Roberts & Roberts,* for appellant.

Section 6 of the Act is unconstitutional for the reason that the act is incomplete, and attempts to delegate legislative powers to the Board. Sec. 7 of the Rules of the Board is void for the reason that Sec. 6 of the Act is void and vests them with no power to declare a crime, fix a penalty and prescribe a punishment. 8 Cyc. 830; Cooley Const. Lim. (4 Ed.) 151-2; 35 Ark. 69. The power to legislate cannot be delegated to individuals. 8 Cyc. 831. An act conferring power to declare what acts shall constitute a misdemeanor is

unconstitutional. 63 Cal. 21; 135 *Id.* 466; 56 L. R. A. 733; 24 L. R. A. 744; 140 Mich. 258; 65 N. W. 738; 187 Ill. 587; 1 Baxt. 435; 134 Ala. 392.

2. No penalty whatever is prescribed by the act, and none can be fixed. Cases *supra.*

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee. *Troy Pace,* of counsel.

The act is not unconstitutional. It only gave the Board power to make rules and regulations, the violations of which were a misdemeanor. The purpose of the act was: (1) to create a tick eradication district; (2) to provide funds for the work, and (3) to designate the agency to have charge of such work. The act did not cover the whole subject nor repeal prior laws. 76 Ark. 443; 45 *Id.* 387; 47 *Id.* 388. All the acts in *pari materia* must be taken and construed together and made to stand if capable of being reconciled. 4 Ark. 410, 416; 6 *Id.* 9; 40 *Id.* 448, 452. A statute is presumed to be constitutional and every doubt is indulged in its favor. It is the duty of the courts to uphold it when not clearly unconstitutional. Cooley Const. Lim. (6 Ed.) p. 218; 58 Ark. 414; 63 *Id.* 576; 65 *Id.* 532; 66 *Id.* 466; 69 *Id.* 612; 75 *Id.* 120; 102 *Id.* 168.

If part of an act is unconstitutional, that part will be stricken out, leaving the balance of the act to stand. Endlich Int. of Stat. §§ 301, 302; Cooley Const. Lim. (6 Ed.) 210-11, 177; 32 Ark. 144; 37 *Id.* 356, 361; 46 *Id.* 312; 48 *Id.* 370, 383; 53 *Id.* 490; 58 *Id.* 407; 13 *Id.* 752; 24 *Id.* 161; 55 *Id.* 200; 75 *Id.* 328; 76 *Id.* 303; 98 *Id.* 466; 92 *Id.* 93; 111 *Id.* 109, 119. The act is divisible. The clause proving penalties should be stricken out. The defendant then could be punished under our misdemeanor statutes. Kirby's Digest, §§ 2447-8.

Smith, J. This appeal questions the constitutionality of Act 86, of the Acts of 1915, p. 338, and the ground of the attack is that the Act is incomplete in that it provides no penalty for a violation of its provisions,

but attempts a delegation of the legislative function of prescribing the penalty to the Board of Control of the Agricultural Experiment Station. The section complained of is Section 6, which reads as follows:

"Section 6. That the enforcement of the laws of this State in relation to cattle tick eradication and protecting the counties placed entirely or provisionally above the Federal quarantine line in this district is hereby vested in the Board of Control of the Agricultural Experiment Station, with full power and authority to promulgate the necessary rules and regulations for that purpose and to provide penalties for the infraction or disobedience of any such rule or regulation, or order made by such board, and to enforce obedience to such rules and regulations."

Acting under the authority of this section the Board of Control prescribed rules for the enforcement of the provisions of the Act, and among others, enacted a rule numbered 7, which reads as follows:

"Cattle in area where systematic tick eradication is being conducted shall be disinfected under supervision of a duly authorized inspector when so ordered by said inspector. It shall be the duty of all persons owning or having in charge cattle that are exposed or infested with ticks to have all of their cattle at a regular disinfecting station for the purpose of having them properly dipped when so ordered by the inspector. Any person failing to comply with the provisions of this regulation shall be prosecuted as provided for in Section 5 of Act 409, Acts of 1907."

It is not contended in support of the judgment of the court below that the Legislature had the authority to delegate to the Board of Control the power of prescribing penalties for a violation of its rules; but it is said that the provision to that effect should be treated as a nullity, inasmuch as it is void, and when this has been done a complete and harmonious act remains.

The rule of construction in such cases is stated in Cooley's Constitutional Limitations (7th Ed.), p. 246, as follows:

"Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning, that it cannot be presumed the legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section; for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained."

This rule has been frequently applied by this court. See *Cotham* v. *Coffman*, 111 Ark. 109, and cases there cited.

(1). We think under this rule that we may treat as void the provision that the Board of Control should prescribe penalties.

Counsel for the State contend that if this is done, Section 5, of Act 409, of the Acts of 1907, p. 1043, applies and affords full authority for the imposition of the fine of $25.00 which was assessed by the jury against appellant.

(2). We do not agree with counsel, however, in this contention. While the Act of 1907 was enacted "to prevent the introduction and spread of contagious and infectious diseases of animals in Arkansas," we think there is in this Act no legislative thought of tick eradication or provision for punishment for the failure to dip cattle for that purpose and, therefore, the penalties prescribed by the Act of 1907 cannot be applied to the Act of 1915.

(3). It is conceded by learned counsel for appellant that the Legislature had the right to delegate to this Board the duty of promulgating rules in regard to dipping cattle, and that the Legislature could have prescribed penalties for the violation of such rules when made; but it is argued that inasmuch as the Legislature has prescribed no penalty, none can be imposed.

But we do not agree with counsel in this contention. The valid portion of the sections quoted imposes upon the Board the duty of making necessary rules and regulations, and obedience to these rules is necessarily enjoined upon all persons coming within their scope. We have, therefore, the case of the State enjoining a duty without prescribing a penalty for its violation.

Sections 2447 and 2448, of Kirby's Digest, were enacted to cover such cases. These sections read as follows:

"Section 2447. Where the performance of any act is prohibited, or the performance of any act is required by any statute, and no penalty for the violation of such statute is imposed, either in the same section containing such prohibition or requiring such act or duty, or in any other section or statute, the doing of such prohibited act or the neglect of such required act or duty, shall be deemed a misdemeanor.

"Section 2448. Every person who shall be convicted of any misdemeanor, the punishment of which is not defined in this or some other statute, shall be punished by imprisonment not exceeding one year, or by fine not exceeding two hundred and fifty dollars, or by fine and imprisonment both."

The fine imposed upon appellant was, therefore, warranted under Section 2448. *State* v. *Greenlees*, 41 Ark. 353.

We think what is here said does not contravene the doctrine of *Rowe* v. *State*, 92 Ark. 155. There an act of the General Assembly provided that upon a fence law being adopted at an election it should thereafter be unlawful for certain animals to run at large. The act provided for the impounding of stock, and for the

payment of damages done by them by their owners, and for their summary sale in satisfaction of these damages if not otherwise paid. The syllabus of that case is as follows:

"Under the rule that when an act creates a new offense and makes that unlawful which was lawful before, and prescribes a particular penalty, that penalty alone can be enforced, *held* that the penalty prescribed by the special stock law of May 23, 1901, applicable to certain counties, is the only punishment which can be administered for a violation of its provisions."

Here there is no penalty. We have seen that a proper construction of the act requires us to strike out what is therein said about the penalty, and the result of that action is that no penalty is prescribed except such as exists under Section 2448 of Kirby's Digest.

It is insisted that the court erred in excluding proof on the part of appellant to the effect that his cattle were not infected with ticks, and that no ticks had been found in his neighborhood. But this testimony was properly excluded. The purpose of this regulation was to rid the area in which it was effective of the tick, and it had been determined that the proper way to accomplish this result was to dip all cattle in that area, and appellant should have complied with this regulation, his opinion to the contrary notwithstanding. If the actual presence of the ticks on an animal is to be established before the orders of the Board are effective against that animal, then the resolutions are largely nugatory and the eradication work would be greatly hampered. The legislature no doubt thought, and properly so, that it were better to dip some cattle which did not have ticks on them than to fail to dip others which were infected, and to thus afford the opportunity for further propagation of the ticks, and that certainty and safety required that all cattle in the prescribed area be dipped.

Other exceptions were saved at the trial, and are discussed in the brief, but we do not regard them as of sufficient importance to call for a discussion here.

Finding no prejudicial error the judgment of the court below is affirmed.

McCULLOCH, C. J., dissenting. The Legislature undertook to delegate to the Board of Control the power to prescribe penalties for violation of its regulations, and this court (properly, I think) holds that such attempted delegation of power is ineffectual and void, but it at least excludes the idea that the lawmakers intended to impose any other penalty. The effect of the court's decision is, therefore, to impose a penalty pursuant to the terms of another statute, which the lawmakers manifestly did not intend should apply. The court, in other words, disregards the expressed will of the lawmakers and substitutes something else instead. It seems to the writer that this violates all of the settled rules of construction and constitutes legislation on the part of the court. *Ex parte Deeds*, 75 Ark. 542.

I dissent from the conclusion of the majority. Mr. Justice KIRBY concurs in the dissent.