RIDER *v.* STATE.

Opinion delivered January 1, 1917.

CATTLE TICK ERADICATION—SUFFICIENCY OF INFORMATION.—In a prosecution for an alleged violation of a rule promulgated by the Board of Control of the Agricultural Station concerning cattle tick eradication, *held,* the language set forth in the information sufficient to put defendant upon notice as to the specific offense with which he was charged.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*T. A. Pettigrew,* for appellant.

1. The information charges no crime. There is no such offense as "failing to dip cattle." Acts 1907, § 5; and Rule 7 of Board Control. Criminal Statutes are strictly construed and no case is to be brought by construction within a statute, unless it is completely within its words. 38 Ark. 519; 53 N. Y. 511; 5 Denio, 76; 3 Humph. 483; 49 Ark. 488.

2. The district is void for want of definite description. 122 Ark. 491. It is also void for patent ambiguity in description of the boundary. 30 Ark. 657; 40 *Id.* 237; 41 *Id.* 495; 60 *Id.* 487; 68 *Id.* 150.

3. The penalties of Kirby's Dig., §§ 2447-8, do not apply. 92 Ark. 155. The instructions are not based on the evidence. 65 Ark. 222; 78 *Id.* 177; 86 *Id.* 109.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

*Troy Pace*, of Counsel.

1. Under the ruling in *Davis* v. *State*, 53 A. L. R. 257, the judgment should be affirmed. All the questions raised are settled there except the sufficiency of the information.

2. The information was sufficient; it sets forth every fact and circumstance necessary to constitute an offense. 102 Ark. 454; 98 *Id.* 577; 94 *Id.* 65; 95 *Id.* 48; 84 *Id.* 487, etc.; Kirby's Dig., §§ 2228, 2243; 94 Ark. 578.

3. Misnaming the offense is of no consequence. 90 Ark. 599; 77 *Id.* 480; 71 *Id.* 80; 36 *Id.* 242; 34 *Id.* 275; 102 *Id.* 655.

McCULLOCH, C. J. This is a prosecution for alleged violation of a rule promulgated by the Board of Control of the Agricultural Station concerning cattle tick eradication, and the case is ruled by the recent opinion of this court in *Davis* v. *State*, 126 Ark. 260, except as to the sufficiency of the information filed by the prosecuting attorney instituting the prosecution.

It is contended that the information is not sufficient because it merely charges the defendant with having refused to "dip certain cattle," without alleging specifically that he refused to comply with the regulation by bringing his cattle, when ordered by the inspector, to "a regular disinfecting station for the purpose of having them properly dipped." We think

that the language set forth in the information is sufficient to put the defendant upon notice as to the specific offense with which he is charged.

Affirmed.