## CAZORT v. STATE.

### Opinion delivered October 1, 1917.

1. CATTLE TICK ERADICATION—POWER OF BOARD OF CONTROL—PROTECTION OF CATTLE ALREADY DIPPED.—The Board of Control of the Agricultural Experiment Station has authority under Act 86, p. 338, Acts of 1915, to make rules for the protection of cattle already dipped by preventing reinfestation from other cattle brought into a district, and to prevent such other cattle being transported from one county to another.

2. CATTLE TICK ERADICATION—PROMULGATION OF ORDERS BY BOARD OF CONTROL.—Under Act 86, p. 338, Acts of 1915, the courts and all persons must take notice of public act of the Board of Control of agricultural institutions, proclaiming or declaring the existence of any regulations in a manner calculated to afford information to the public.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Sam R. Chew,* for appellant.

1. The demurrer should have been sustained. The information charged no offense. Kirby's Digest, § § 7907, 7912; Acts 1907, 266; Kirby's Digest, § § 7913-16.

2. The indictment must conclude against the peace and dignity of the State of Arkansas. 47 Ark. 230.

3. The State should have been required to elect. 82 Ark. 203; 37 *Id.* 408; 37 *Id.* 412.

4. The rule or order was never promulgated. 18 N. Y. Supp. 768; 165 Fed. 936. No one is bound by a rule

of which he has no knowledge, or where the rule has not been publicly enforced long enough to justify or authorize an inference that he who is to be bound by the rule had knowledge of the existence of such rule. 88 Ark. 114; *Ib.* 24, 48; 99 *Id.* 265.

4. The court erroneously instructed the jury and the conviction is wrong.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The demurrer was properly overruled. Kirby's Digest, § 2495; 126 Ark. 501; 91 *Id.* 207; 86 *Id.* 436; 45 *Id.* 536.

2. The motion to require the State to elect was properly denied.

3. There is no error in the instructions.

McCULLOCH, C. J. This prosecution originated before a justice of the peace upon information filed by the deputy prosecuting attorney of Johnson County, and the charge therein against the defendant is in substance that he removed cattle from Crawford County, within the quarantine area, into Johnson County, in the special quarantine district where systematic dipping of cattle for tick eradication was being carried on.

It is earnestly contended by counsel for defendant that the circuit court should have sustained the demurrer to the information filed in the case for the reason that there is no law of the State declaring to be unlawful the thing alleged to have been done by defendant, and that, even if there is any law on the subject, the information is not sufficiently specific to constitute a charge of violating such law. The State relies, in order to sustain conviction, upon the statute enacted by the General Assembly of 1915 (Act No. 86, page 338), and the regulations promulgated pursuant thereto by the Board of Control of the Agricultural Experiment Station. The statute in question created a district, or area, for the eradication of cattle ticks, and the area includes the counties of Crawford and Johnson, as well as Franklin County, which

lies between the two other counties named. Section 2 of the Act declares its purpose to be that of eradicating cattle ticks from the infested portion of the district and for the protection from reinfestation of the counties in the district already cleansed. Section 6 of the Act reads as follows:

"That the enforcement of the laws of this State in relation to cattle tick eradication and protecting the counties placed entirely or provisionally above the Federal quarantine line of this district is hereby vested in the Board of Control of the Agricultural Experiment Station, with full power and authority to promulgate the necessary rules and regulations for that purpose and provide penalties for the infraction or disobedience of any such rule or regulation, or order made by such board, and to enforce obedience to such rules and regulations."

The case of *Davis* v. *State,* 126 Ark. 260, is conclusive of the question that the statute makes it unlawful to violate the rules and regulations of the Board of Control of the Agricultural Experiment Station with respect to the eradication of cattle ticks. In that case the defendant was charged with violation of the regulation of the board, which required all persons owning cattle exposed to or infested with ticks to have them dipped at a regular disinfecting station, and this court held that it constituted a violation of law for the defendant to refuse to comply with the regulation. If the board had power under the statute to require the dipping of cattle, it necessarily follows that the power also exists to prohibit by regulation the removal of cattle from other infested territory into the special area in which the work of tick eradication is being prosecuted. In other words, the protection of cattle already dipped by preventing reinfestation from other cattle brought in is as essential to the prevention of disease as is the dipping itself, and the power to make rules on both subjects necessarily follows from the language of the statute. While there is no specific provision in the statute declaring it to be unlawful to disobey the rules prescribed by the board, it is

clear from the language used that such was the intention of the law-makers, for the statute expressly declares its purpose in the creation of the district and authorizes the Board of Control to promulgate rules and regulations to carry out that purpose and to enforce obedience thereto. One of the regulations prescribed by the Board of Control (if treated as a part of the record in this case) relates to the movement of cattle between points within the quarantine area, and provides that cattle may be moved into cleansed area or special quarantine area where the process of disinfection is being carried on only after being dipped in accordance with the regulations. The evidence shows that in violation of this regulation the defendant removed a bull from Crawford County, which is infected territory inside the quarantine district, into Johnson County, which is a special quarantine district where disinfection work is being prosecuted.

Again, it is insisted by counsel that the regulation in question was not proved by competent evidence and that public notice thereof was not given sufficient to put the regulation into operation.

This court held in the case of *Kansas City So. Ry. Co.* v. *State,* 90 Ark. 343, that the courts of the State must take judicial notice of the quarantine regulations promulgated by the Board of Control of the Agricultural Experiment Station. Counsel seek to distinguish that case from the case at bar on the ground that it is not shown that the regulation now under consideration was published so as to constitute a promulgation. The statute conferring authority on the board to make the regulation does not require publication in any particular way. It merely provides that the board shall have full power and authority to promulgate the necessary rules and regulations. Since no particular form is prescribed for the promulgation of regulations, and the courts and all persons must take notice of them, any public act of the board proclaiming or declaring the existence of the regulations in a manner calculated to afford information to the public is sufficient. *Dickinson, Auditor,* v. *Page,* 120 Ark. 377.

The attack on the sufficiency of the information filed against defendant is fully answered by the decision of this court in *Rider* v. *State,* 126 Ark. 501.

Finding no error in the proceedings, the judgment is affirmed.