BELZUNG *v.* STATE.

Opinion delivered March 16, 1931.

*Roy Gean*, for appellant.

*Hal L. Norwood*, Attorney General, and *John H. Caldwell*, Assistant, for appellee.

McHANEY, J. Appellant, a dairyman, was convicted on the first count of an information charging a violation of § 17 of the rules and regulations of the district board of health of the Fort Smith District of Sebastian County, adopted June 20, 1929, in that he had sold milk in said city without having paid the fees provided by said section, and fined $1. He assigns six reasons for a reversal of the judgment against him:

1. *That special act 629, Acts 1919, p. 870, is unconstitutional and void.* This is the act under which said district board of health is operating. It is entitled "An act to consolidate the health and sanitary offices in the Fort Smith District of Sebastian County, to abolish existing offices, to create a district board of health therein, and give it jurisdiction to select certain officers and to superintend their duties, to provide for the expenses incurred in such service, and for other purposes." We had this same act under consideration in *Fort Smith* v. *Roberts*, 177 Ark. 821, 9 S. W. (2d) 75, where its constitutionality was attacked on similar grounds, and the act was sustained as a valid exercise of the police power of the State, and not an unlawful delegation of legislative power. The attack now made upon the act by appellant goes further, alleges its unconstitutionality upon other grounds, all of

which we have considered and find them without merit. The act already having been sustained in the case above cited, we do not deem it necessary to discuss the grounds alleged separately.

2. *That the rules of the district board conflict with the regulations of the State Board of Health as applied to dairies.* He sets out eight rules of the district board that are claimed to be in conflict with those of the State Board, because the regulations of the State Board make no such requirements. Conceding them to be in conflict, which they are not, but only supplementary, (power so to do being conferred in § 2 of said act) appellant is in no position to complain. He was charged with the violation of two rules in two separate counts, § 17 and § 3, the latter for selling milk in the city without a permit from the health officer. He was found guilty of having violated § 17 only. Apparently appellant has violated only one rule of the district board, that of refusing to pay the small inspection fee of $10 per year, plus 50 cents per head per year for each cow more than ten. Having complied with all the other rules, it is difficult to see what right he has to complain of them, since they do not affect him. Section 17 is not in conflict with the regulations of the State Board, as it does not undertake to fix the fees for this inspection service.

3. *That the district health board's rules are in conflict with said act 629.* But not so. Section 2 of the act gives the district board power "to promulgate such rules and regulations not in conflict with rules and regulations of the State Board of Health as may be deemed necessary," etc. We think it was in the power of the board to promulgate § 17, and that such rule is not contrary to the act or in conflict with the rules of the State Board.

4. *That said act 629 confers no authority to levy the inspection fees or to fix a penalty for violating the rules.* We have already held that the district board was empowered to enact § 17, as stated above. As to the power

of said board to provide a penalty, appellant is concluded by the cases of *Davis* v. *State,* 126 Ark. 260, 190 S. W. 436, and *Cazort* v. *State,* 130 Ark. 453, 198 S. W. 103.

5. *That the district board's rules are discriminatory and unreasonable.* We have already held that § 17 is a reasonable rule, within the power of the board to enact; and that, since this is the only rule with which appellant is concerned, he is in no position to complain of others. The rules apply to all dairymen alike who sell milk in the Fort Smith district.

6. *It is finally said that the rules and regulations of the district board repeal ordinance 1468 of the city of Fort Smith.* We think it unnecessary to decide this question, as it has nothing to do with appellant's guilt or innocence of violating § 17 of the rules and regulations of the district board of health.

We find no error, and the judgment must be affirmed. It is so ordered.